United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| ERNEST ALBIERO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE TOWN OF GOODLAND, INDIANA, )<br>an Indiana Municipal Corporation, et al., )<br>)<br>Defendants. ) | Civil Action No. 4:11-CV-15 JVB |

## OPINION AND ORDER

On December 9, 2011, Plaintiff Ernest Albiero filed an Emergency Request for Injunctive Relief. In the motion, Plaintiff asks that the scheduled demolition of his two buildings on December 19 be enjoined by this Court. Plaintiff suggests that the destruction of these buildings "is tantamount to obstruction of Justice." He also contends, as he has done repeatedly before, that the buildings were condemned unlawfully. Finally, Plaintiff lists some purportedly practical considerations why the buildings should be left alone.

Plaintiff's motion fails in all respects. First, and most importantly, the motion is brought in the wrong Court. While at one time Plaintiff's takings claim was part of this case, that claim had been dismissed on June 7, 2011, because, among other things, Plaintiff had failed to exhaust state remedies before bringing the claim to federal court. The only remaining claim before this Court is Plaintiff's claim that the Town of Goodland and its employees have violated his rights to be secure from unreasonable searches and seizures. While Plaintiff appears to be under impression that the allegedly illegal search and seizure voids all of the Town's subsequent determinations regarding his properties, he provides no authority for such conclusion. In fact he

could not because the Supreme Court has never applied an exclusionary rule to civil cases.

Second, Plaintiff has not shown that he would suffer irreparable harm without the injunction or that the injunction is in the public interest. To these points, Plaintiff submits that one of the buildings is 100 years-old and could be a historical building but does not otherwise submit evidence that the building is so unique that no money could compensate for its loss.

From all the filings in this case, it is clear that Plaintiff is frustrated with the Town and its attorney and that the preservation of the buildings is important to Plaintiff. Yet the alleged grievances related to the alleged unlawful taking of his properties must be or must have been aired in state courts first. This requirement may not be short-circuited except in some limited circumstances, and Plaintiff has not established that these circumstances exist in this case.

Accordingly, the Court denies Plaintiff's Emergency Request for Injunctive Relief (DE 144).

SO ORDERED on December 14, 2011.

   s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge